IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 13-CR-00159-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LEON SIMMONS,

     Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
## FOR ORDER OF DETENTION

---

This matter is before the court for detention hearing on May 1, 2013. The court has taken judicial notice of the court's file and the pretrial services report. The defendant is not contesting detention.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by defense counsel

and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the **Indictment** as follows:

**Count 1**: Did knowingly and intentionally conspire to distribute, and possess with the intent to distribute, one or more of the following: (1) 280 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(iii), and (2) 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II). All in violation of Title 21, United States Code, Section 846;

**Counts 8, 9, 10:** Did knowingly and intentionally use a communication facility (telephone) in facilitating the commission of a drug trafficking felony, All in violation of Title 21, United States Code, Section 843(b).

Based upon the Indictment, I find probable cause exists that the defendant committed the charged offenses.

Second, I find that the Defendant has a history of arrests and convictions for Assault, Disturbing the Peace, Threats, Flourishing a Weapon, Interference, Obstructing Passage, Resistence, Refusing Order of an Officer, Harassment and Criminal Mischief. See criminal history section in the pretrial release report.  Defendant further has a history of arrests and convictions for substance abuse offenses.  See criminal history section in the pretrial release report.  Moreover, the Defendant has a history of arrests while on community supervision.  Defendant is currently unemployed and has been unemployed since 2001.  Defendant has suffered 37 prior failures to appear.  Defendant has a pending charge of Drug Paraphernalia- Possess, in the Denver County General Sessions Court, Case No. 13GS362014.  Defendant is currently on probation in Denver County (drug court) in Case Nos. 11-cr-4083 and 12-cr-1015.  Defendant has a history of failing to comply with conditions of release.  Defendant's probation sentence was

revoked in the following cases: Denver County District Court, Case Nos. 87-cr-229 (twice), 87-cr-2367 (twice), and 11-cr-4083. Defendant's parole was revoked in Denver County District Court Case No. 93-cr-1024. Defendant was returned to custody while on parole in Denver County District Court Case Nos. 96-cr-2367, 97-cr-1837, and 99-cr-686. Defendant has suffered one felony adjudication for Burglary and ten (10) felony convictions. Nine of such felony convictions involved illegal controlled substance possession or distribution and one felony involved Attempted Escape. Defendant has self-reported recent use of marihuana, cocaine and heroin. Defendant is unemployed and has no financial ties to Colorado. Defendant is a flight risk and a danger to the community. The rebuttable presumption applies in this case based upon count one in the Indictment and the Defendant has not rebutted that presumption.

In light of these facts, I find, by clear and convincing evidence, that Defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community Accordingly, I order that the defendant be detained without bond.

Done this 1st day of May 2013.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge